Authority shall be deemed to be a resident of each such county or judicial district for the purpose of such suits, actions or proceedings. Although the Port Authority is engaged in the performance of governmental functions, the said two States consent to liability on the part of the Port Authority in such suits, actions or proceedings for tortious acts committed by it and its agents to the same extent as though it were a private corporation.

[Emphasis added.]

*N.J.S.A.* 32:1–157 does no more than establish consent to suit in New Jersey and 32:1–162 establishes venue. Neither is dispositive of subject-matter jurisdiction of New Jersey's Workers' Compensation Court over an out-of-state occupation injury or loss. *See New Jersey D.E.P. v. Middlesex Cty. Bd. of Chosen Freeholders,* 206 *N.J.Super.* 414, 420, 502 *A.*2d 1188 (Ch.Div.1985), *aff'd o.b.,* 208 *N.J.Super.* 342, 506 *A.*2d 13 (App.Div.1986) ("[v]enue requirements are not jurisdictional. Rather, they are rules of practice designed to place litigation at a location convenient to parties and witnesses.").

Reversed and remanded for the entry of an order dismissing petitioner's claim petition No. 88–286637.

722 A.2d 114

D.O., PLAINTIFF–APPELLANT, v. T.B., R.B. AND B.R.B., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1998—Decided December 29, 1998.

Before Judges KING, WALLACE and NEWMAN.

*David J. Weaver* argued the cause for appellant (*Trapasso, Dolan & Hollander*, attorneys; *John D. Williams*, on the brief).

*S.M. Chris Franzblau* argued the cause for respondents (*Franzblau Dratch*, attorneys; *Mr. Franzblau*, on the brief).

PER CURIAM.

We affirm Judge Conforti's decision dismissing the complaint for the reasons expressed in his written opinion of November 7, 1997. He soundly exercised his discretion in rejecting plaintiff's claimed right to subject involuntarily his alleged adult offspring to genetic blood testing. *See M.F. v. N.H.*, 252 *N.J.Super.* 420, 429, 599 *A.*2d 1297 (App.Div.1991); *see also Michael H. v. Gerald D.*, 491 *U.S.* 110, 124, 109 *S.Ct.* 2333, 105 *L.Ed.*2d 91, 106 (1989).